# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| ANDRIY KRAVTCHENKO, | ) | |
| | ) | Case No. 3:18-cv-499 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| ARAMARK CAMPUS, LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant Aramark Campus, LLC's ("Aramark") unopposed motion for summary judgment (Doc. 19). Aramark filed its motion for summary judgment on December 9, 2019 (*see id.*) and Plaintiff did not respond to the motion.

## I.   BACKGROUND[1]

Plaintiff is a former employee of Aramark. (Doc. 2, at 2; Doc. 20, at 2.) Plaintiff, proceeding *pro se*, initiated this action on November 27, 2018, alleging retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (*See* Doc. 2, at 1.) Plaintiff's claim stems from alleged retaliation he experienced after he reported to his supervisor that other employees were being sexually harassed. (*Id.* at 2.) Plaintiff alleged that, after reporting this behavior, he was "accused of poor job performance, [had] his supervisory duties removed, and [was] taken off the work schedule for extended periods of time." (*Id.*) Plaintiff also alleged that, on several occasions, he was not compensated for his overtime work. (*Id.*)

---

[1] Because Plaintiff has not submitted any evidence for the record, the allegations in the complaint are presented here for context only.

Aramark disputes Plaintiff's version of the facts. (*See generally* Doc. 20.) Aramark contends that Plaintiff exhibited performance deficiencies shortly after beginning at Aramark. (*Id.* at 2.) Aramark's Human Resources Director, Debbie Lynch, avers that, over the course of Plaintiff's employment, he recorded numerous conversations in the workplace. (Doc. 20-1, at 3–4.) Ms. Lynch also avers that a University of Tennessee employee reported to her that Plaintiff had approached the employee "with a proposal to steal money from an Aramark cash register." (*Id.* at 4.) Ms. Lynch also reports several other incidents that other Aramark employees reported to her concerning Plaintiff's behavior, including reports that Plaintiff made female employees uncomfortable, spent work time on his phone, at bars, and napping, and threw food on the floor and made other employees clean it up. (*Id.* at 4 –7.) Ms. Lynch further avers that Plaintiff received numerous disciplinary notices and was also transitioned to a new shift after Aramark learned of his time-clock abuse. (*Id.* at 5.)

Discovery in this case closed on November 11, 2019. (Doc. 14, at 2.) However, Aramark states that Plaintiff has not conducted any discovery and that he failed to appear for his own deposition. (Doc. 19, at 1; Doc. 20, at 1.) Plaintiff has not filed a response to Defendant's motion to dismiss and does not dispute his failure to conduct discovery.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

### III. ANALYSIS

As Aramark points out, Plaintiff has not offered any evidence whatsoever in support of his retaliation claim. At this point in the litigation, Plaintiff cannot rest upon the allegations in the complaint, and there is no evidence in the record creating a genuine issue for trial. *See Chao*, 285 F.3d at 424. The only evidence in the record at this point is the declaration of Ms. Lynch, which contradicts any claim of retaliation. (*See* Doc. 20-1.) Because there is no evidence to support Plaintiff's claim, no reasonable jury could find in his favor. *See Anderson*, 477 U.S. at

248–49.  Accordingly, the Court must grant summary judgment in favor of Aramark.  *See Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 248–49.

IV. **CONCLUSION**

For these reasons:

1. Defendant's motion for summary judgment (Doc. 19) will be **GRANTED**;

2. Plaintiff's claim will be **DISMISSED WITH PREJUDICE**; and

3. The Clerk will be **DIRECTED** to close the case.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**